**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

HEIDI DAVONNE BROWN,

Plaintiff,

v.                                                  CASE NO. 3:24-CV-261-SJF

SOUTH BEND HOUSING AUTHORITY,

Defendant.

**OPINION and ORDER**

Plaintiff Heidi Davonne Brown ("Mx. Brown"), proceeding without a lawyer, filed this action on March 25, 2024, alleging that they were wrongfully terminated from the South Bend Housing Authority's Housing Choice Voucher ("HCV") Program in violation of the Fair Housing Act ("FHA"), which prohibits discrimination by housing providers because of race, color, religion, sex, national origin, family status, or disability. The Court held a bench trial on May 27, 2026. On July 14, 2026, the Court issued an opinion and order, including findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(a), and entered judgment for Defendant.

Now before the Court is Mx. Brown's "Motion for Mistrial" filed on July 22, 2026. In this motion, Mx. Brown states they "would like to take this time to notify the court of the many inconsistencies noted in the above captioned cause." [DE 87 at 1]. Mx. Brown also alleges that the Court acted "not for the best intention of a Pro'Se [sic] litigant" and that their "[m]ind was taken advantage of while undergoing strenuous circumstances." [*Id.* at 1-2]. Mx. Brown thus demands an order of mistrial.

Mx. Brown cites no authority to support the motion, and there is no mechanism under the federal rules to declare a mistrial for a civil bench trial. The Court thus construes the filing as a motion for a new trial under Federal Rule of Civil Procedure 59(a)(1)(B), a motion to amend judgment under Rule 59(a)(2), or as a motion for amended or additional findings under Federal Rule of Civil Procedure 52(b). Under Rule 59(a)(1)(B), the Court may grant a new bench trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Under Rule 59(a)(2), the Court may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Likewise, under Federal Rule of Civil Procedure 52(b), the Court "may amend its findings—or make additional findings—and may amend the judgment accordingly." However the motion is construed, the motion must be filed within 28 days of the judgment. *See* Fed. R. Civ. P. 52(b); Fed. R. Civ. P. 59(b), (e). The motion is thus timely.

Moreover, regardless of whether Mx. Brown's motion is construed under Rule 52 or Rule 59, the standard is substantially the same. *See United States v. Real Prop. at 7401-7403 S. Racine Ave., Chicago, Illinois*, No. 04 C 5885, 2010 WL 2076917, at *2 (N.D. Ill. May 20, 2010). A Rule 52(b) motion "is appropriate only when the district court has made a manifest error of law or fact, when there is newly discovered evidence, or when a change in the law has occurred." *Koch v. Jerry W. Bailey Trucking*, Inc., No. 1:14-CV-72-HAB, 2021 WL 4305064, at *1 (N.D. Ind. Sept. 22, 2021) (citing *Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1992). A Rule 59(e) motion likewise "may be granted only if

2

there has been a manifest error of fact or law, or if there is newly discovered evidence that was not previously available." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).

Mx. Brown appears to first allege a manifest error of fact, contending that there are "many inconsistencies noted in the above captioned cause." [DE 87 at 1]. Mx. Brown alleged that the Court

> Created false narrative of Pro'Se [sic] litigant. Reneged on previously UNGRANTED order . . . . Practiced unwarrented [sic] name calling, labeling, slander, and libel. Failed to research adequaltey [sic] facts and finding(s) of cause. Stated inconsistent Findings of Facts, eleviating [sic] and even adding some nonrelevent [sic] details to support fabrications.

[DE 87-1 at 12]. The Court cannot find that this demonstrates a manifest error of fact. First, a Rule 59 motion may be granted only if "the movant *points to evidence* in the record that clearly establishes a manifest error of law or fact." *In re Prince,* 85 F.3d 314, 324 (7th Cir. 1996)(emphasis). Yet Mx. Brown never specifies what the alleged inconsistencies, fabrications, and non-relevant facts are, falling short of their burden here. Indeed, "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *United States v. Berkowitz,* 927 F.2d 1376, 1384 (7th Cir. 1991). Second, the findings of fact cited by the Court were based on testimony and documents presented at the bench trial on May 27, 2026.[1] During this bench trial, Mx. Brown had the opportunity to object to any evidence presented and to cross-examine witnesses on their testimony. Mx. Brown opted not to do so. Indeed, Mx. Brown did not object to the admission of any evidence presented by Defendant. Nor did Mx. Brown cross-examine Defendant's witnesses about their testimony or even provide

---

[1] Each fact thus includes a citation to its supporting evidence.

3

a closing argument contending that this evidence was a fabrication. [*See* DE 82]. Post-trial motions like this are not "a vehicle for a party to undo its own procedural failures . . . ." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000). As explained below, Mx. Brown retained responsibility for entering evidence and questioning witnesses just as an attorney would. Thus, Mx. Brown cannot now contend that the evidence presented to the Court—evidence that Mx. Brown did not object to or cross-examine in any way—is now a fabrication or irrelevant merely because the Court found it be persuasive. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A manifest error is not demonstrated by the disappointment of the losing party.").

Mx. Brown next alleges the Court acted "not for the best intention of a Pro'Se [sic] litigant." [DE 87 at 1]. To the extent Mx. Brown maintains that she was entitled to leniency or assistance as a *pro se* litigant, the Court has repeatedly advised that *pro se* parties are held to the same standards as lawyers when litigating before this Court, and a party's status as a *pro se* litigant does not relieve them of any obligations to comply fully with the Court's orders and applicable rules. *See Loubser v. United States*, 606 F. Supp. 2d 897, 909 (N.D. Ind. 2009) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). *Pro se* litigants maintain responsibility for managing their case. Indeed, neither the Court nor its staff can assist *pro se* parties in prosecuting their cases.[2]

---

[2] Even so, the Court repeatedly exercised its discretion to afford Mx. Brown extensions and additional opportunities to meet filing deadlines throughout this case. For instance, the Court afforded Mx. Brown two additional opportunities to file a status report after the initial status report deadline of August 19, 2024, passed without a report filed. [*See* Court's orders dated October 7, 2024, and February 7, 2025, at DEs 18 and 27]. The Court proceeded with a second judicial settlement conference even after Mx. Brown failed to appear for both the telephonic scheduling conference and the originally scheduled judicial settlement conference. [*See* DEs 57, 61]. When Mx. Brown failed to timely call into the telephonic final pretrial conference, the Court contacted Ms. Brown on its own to ensure their attendance and preparation

4

Mx. Brown also alleges that their "[m]ind was taken advantage of while undergoing strenuous circumstances" and that these circumstances were imposed by the Court. [DE 87 at 1]. Mx. Brown's motion does not state what was imposed, but an exhibit attached to the motion states their belief that they were "coerced" into the Fast Track Litigation Process. [DE 87-1 at 15]. But the Court proceeded with the bench trial on May 27, 2026, after multiple conferences with the parties to ensure that the case proceeded to a "just, speedy, and inexpensive determination." Fed. R. Civ. P. 1. Indeed, Mx. Brown and Defendant agreed to the Fast Track Litigation Process on March 26, 2026, after the parties participated in a zoom settlement conference with another magistrate judge. [DE 66]. The Court summarized the parties' agreement and reiterated the Fast Track Litigation process in an order dated March 27, 2026:

> On March 26, 2026, the parties participated in a judicial settlement conference with United States Magistrate Judge Andrew P. Rodovich. The parties did not reach a settlement, but the parties did agree to adjudicate the remainder of the case under the Court's Fast Track Litigation process. By agreeing to this process, the parties agree that the undersigned magistrate judge will adjudicate this case via bench trial, which will occur in the next six months. The parties also waive their right [to] a jury trial and to file motions for summary judgment (see General Order 2025-[1]5, available at 2025-15.pdf).

[DE 67]. The bench trial was then scheduled in consultation with the parties during a telephonic status conference held on April 7, 2026. There, the Court confirmed both parties' agreement to the Court's Fast Track Litigation process and proceeded to propose multiple dates for a bench trial. [*See* DE 69, DE 70]. Mx. Brown then confirmed that May 27, 2026, worked for a bench trial.  [*Id.*].

---

for the bench trial scheduled the following week. Finally, the Court admitted Mx. Brown's binder of evidence despite its belatedness. [*See* DE 82].

Mx. Brown did not move to continue the bench trial in the weeks leading up to it nor was any continuance requested during the final pretrial conference held the week before the bench trial. Instead, Mx. Brown moved to continue the bench trial after it had already started, conceding that they were not prepared to proceed. But Mx. Brown retained responsibility for litigating this case, including preparation for the bench trial on the agreed-upon date. Being unprepared was not a basis to continue to the bench trial, nor is it a basis to grant the instant motion. The Court cannot grant Mx. Brown's motion "to undo [their] own procedural failures . . . ." *Bordelon,* 233 F.3d at 529. Yet it appears that this is exactly what Mx. Brown has requested the Court do.

For these reasons, the Court must deny Plaintiff's Motion for Mistrial. [DE 87].

**SO ORDERED** this 30th day of July 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge