**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

HEIDI DAVONNE BROWN,

Plaintiff,

v.

SOUTH BEND HOUSING AUTHORITY,

Defendant.

CASE NO. 3:24-CV-261-SJF

**OPINION and ORDER**

*Pro se* Plaintiff Heidi Davonne Brown filed this action on March 25, 2024, alleging wrongful termination from the South Bend Housing Authority's Housing Choice Voucher ("HCV") Program in violation of the Fair Housing Act ("FHA"), which prohibits discrimination by housing providers because of race, color, religion, sex, national origin, family status, or disability. The parties consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c). [*See* DEs 15, 16]. The Court then held a bench trial on May 27, 2026, after the parties agreed to proceed under the Court's Fast-Track Litigation Process. [DEs 66, 67, 69].

On July 14, 2026, the Court issued an opinion and order, including findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(a), and entered judgment for Defendant. Plaintiff then filed a Motion for Mistrial on July 22, 2026, which the Court construed as a motion for new trial or to amend judgment under Federal Rule of Civil Procedure 59 and as a motion for amended or additional findings

under Federal Rule of Civil Procedure 52. The Court denied this motion on July 30, 2026.

Now before the Court are the following two motions filed by Plaintiff on September 28, 2026: (1) a motion titled "Motion for Relief," citing Federal Rule of Civil Procedure 59 [DE 96]; and (2) a Motion titled "Motion in Support of: *Opinion and Order*" citing Federal Rule of Civil Procedure 52. [DE 97 (emphasis in original)]. Both motions must be denied.

As explained in the Court's order dated July 30, 2026, under Rule 52, the Court may amend its findings of fact—or make new findings—on motion by a party filed no later than 28 days after judgment is entered. Fed. R. Civ. P. 52(b). Likewise, a motion for a new trial or to amend judgment under Rule 59 must filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(b) and (e); *see also Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). The Court entered judgment on July 16, 2026, so the deadline to file any motions under Federal Rule of Civil Procedure 52 or 59 was August 11, 2026. Plaintiff's instant motions are nearly six weeks late. The Court cannot excuse this untimeliness, as these deadlines cannot be extended. *See* Fed. R. Civ. P. 6(b)("A court must not extend the time to act under Rules . . . 52(b, 59(b), (d), and (e) . ...")

Instead, an untimely Rule 59 motion is construed as a motion filed under Federal Rule of Civil Procedure 60(b). *See* Fed. R. Civ. P. 60(b); *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). Relief under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." *Eskridge v. Cook County*, 577 F.3d 806, 808 (7th Cir. 2009)(internal citation omitted). Under Rule 60(b), the Court may relieve a

party from final judgment for six reasons, including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" Fed. R. Civ. P. 60(b)(2). Plaintiff argues for relief from final judgment based on "newly discovered material evidence, including alleged jury misconduct, capable of production within 30 days of final judgment which, with reasonable diligence, could not have been discovered and produced at trial." [1] [DE 96]. This puzzling argument falls short for several reasons. First, Plaintiff includes no evidence to support the motion.[2] Next, the Court entered final judgment here after a bench trial, so it is unclear why Plaintiff alleges jury misconduct as a basis for relief. Finally, Plaintiff states that this newly discovered material evidence was capable of production within 30 days of final judgment but then filed the motion 74 days after entry of final judgment without any acknowledgment of or explanation for the delay. Without more, the Court cannot find that these conclusory and unsupported reasons warrant the extraordinary relief provided by Federal Rule of Civil Procedure 60(b).

For these reasons, Plaintiff's Motions are **DENIED**. [DE 96, DE 97].

[1] Federal Rule of Civil Procedure 60(b)(3) allows the Court to relieve a party from final judgment for fraud, misrepresentation, or misconduct by an opposing party. As Plaintiff alleges jury misconduct, this does not apply.

[2] The Court acknowledges that a few days after Plaintiff filed this motion, Plaintiff filed various exhibits which were separately docketed at docket entry 95. Plaintiff's filing does not state that these exhibits are meant to be in support of the Motion for Relief. Nor does it appear that any of the exhibits concern Plaintiff's claims against Defendant here. [*See* DE 97 at 1-2 (email from a Housing Choice Voucher Program Manager from another entity); DE 97 at 3-55 (emails and attachments regarding pre-purchase counseling); DE 97 at 56-93 (emails and correspondence with other housing assistance entities); DE 97 at 94-97 (emails with Housing Authority of South Bend about other programs and applications)].

**SO ORDERED** this 14th day of October 2026.

s/ Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge